UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAILA KUPERMAN, ET AL. | CIVIL ACTION |
| VERSUS | NO: 08-565 |
| ICF INTERNATIONAL, ET AL. | SECTION: "J" (3) |

**ORDER AND REASONS**

Before the Court is Plaintiffs' Motion for Summary Judgment (Rec. Doc. 13) as well as a Motion to Continue the Hearing on the Motion for Summary Judgment (Rec. Doc. 12). For the reasons stated below, both motions are **DENIED**.

**BACKGROUND**

Plaintiffs have filed suit against ICF International, Inc., ICF Consulting Group, LLC, ICF Emergency Management Services, LLC (collectively "ICF"), Quadel Consulting and several unidentified parties, alleging that ICF improperly characterized Plaintiffs as exempt from overtime under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219. Plaintiffs' suit was filed in this Court on January 15, 2008. Even though it has not been filed into the record, Plaintiffs assert that ICF was served on January 24, 2008 and Quadel Consulting was served on January 25, 2008.[1]

---

[1]The record does contain that on January 15, 2008, a summons was issued to each of the ICF entities as well as Quadel. The

Plaintiffs assert that answers are due to the Court on or before March 24, 2008 for ICF and March 25, 2008 for Quadel.  Plaintiffs have filed this motion for Summary Judgment, which is set for hearing on March 19, 2008.  Because Defendants are not required to answer until after March 19, the Plaintiffs have moved to continue the hearing on the summary judgment motion until April 2, 2008.

## DISCUSSION

Plaintiffs are correct that F\ED. R. C\IV. P. 56(a) provides that "a party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim."  The rule further provides that the motion may be filed at any time after "20 days have passed from commencement of the action."  *Id.*  Plaintiffs' motion was filed on February 27, 2008, more than twenty days after the complaint was filed.

Even though the motion is technically timely under Rule 56, Courts are permitted to dismiss such a motion without prejudice if it is filed before any party answers.  *See* 10A C\HARLES A\LAN

---

record does not contain any information about whether the summons has been returned as executed or whether the defendants waived service.  *See* F\ED. R. C\IV. P.  4.  The Court assumes that service was waived because Plaintiffs assert that service was completed in accordance with Rule 4(d).  Additionally, Plaintiffs assert that Defendants must answer by March 24 or 25, 60 days after service was allegedly accomplished.  The 60 day period for an answer only arises when a defendant has waived service.  F\ED. R. C\IV. P. 4(d)(3); F\ED. R. C\IV. P. 12(a)(1).

WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2717, at 298-99 (1998). Courts have held that deferring a motion before parties have answered is an appropriate action if it believes that the Motion for Summary Judgment is premature.  *Id.; see also Matini v. Reliance Standard Life Ins. Co.*, No. 05-944, 2005 WL 2739030 (E.D. Va. Oct. 24, 2005); *First Am. Bank, N.A. v. United Equity Corp.,* 89 F.R.D. 81, 87 (D.D.C. 1981).

In fact, one case noted that a "court must not grant a summary judgment upon motion therefor tendered before the service of an answer, unless in the situation presented, it appears to a certainty that no answer which the adverse party might properly serve could present a genuine issue of fact." *Stuart Inv. Co. v. Westinghouse Elec. Corp.*, 11 F.R.D. 277, 280 (D. Neb. 1951). This Court is not prepared at this time to draw such a conclusion.  Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Summary Judgment (Rec. Doc. 13) is **DENIED without prejudice as premature.**  The Plaintiffs' are free to reurge their motion at a later date after answers have been served;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Continue (Rec. Doc. 14) is **DENIED as moot.**

New Orleans, Louisiana this the 5th day of March, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE